

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 13, 1972

Honorable Joe Carroll, Jr.          Opinion No. M-1097
County Attorney, Bell County
Bell County Courthouse               Re:  Jurisdiction of the County
Belton, Texas  76513                      Court and County Court at
                                          Law of Bell County

Dear Mr. Carroll:

In your recent letter you have requested the opinion of this department on three questions, as follows:

"1.  Is Art. 1970a constitutional, and if so:

"2.  Does the Bell County Court at Law have concurrent jurisdiction with the Bell County District Courts when the amount in controversy exceeds $1,000.00 and does not exceed $5,000.00 exclusive of interest?

"3.  Does the Bell County Court have concurrent jurisdiction with the Bell County District Courts when the amount of controversy exceeds $1,000.00 and does not exceed $5,000.00 exclusive of interest?"

Essential to a reply to your questions is recognition of the fact that the County Court of Bell County is a constitutional court, provided for under Article V, Section 15, of the Constitution of Texas.  The County Court at Law of Bell County, on the other hand, was created by the Legislature by Article 1970-350, Vernon's Civil Statutes*, under authority of Article

---

* All references to Articles are to Vernon's Civil Statutes.

-5353-

V, Section 1 of the Constitution, and is therefore a statutory court only.

The answer to your first question is in the affirmative. Article V, Section 1 of the Constitution, in addition to providing that the Legislature may establish such other courts as it may deem necessary, also provides that the Legislature may "prescribe the jurisdiction and organization thereof." Jordan v. Crudgington, 149 Tex. 237, 231 S.W.2d 641 (1950).

In answer to your second question, the Bell County Court at Law pursuant to Article 1970a, has concurrent jurisdiction with the district court in civil cases, wherein the subject matter in controversy is within the constitutional jurisdiction of the county court, and wherein the amount in controversy exceeds in value $500 but does not exceed $5,000, exclusive of interest.

The County Court at Law is a statutory court, and thus clearly comes under the provisions of Article 1970a, which was enacted by the 62nd Legislature, Regular Session, 1971, effective June 15, 1971, and reads as follows:

> "All county courts at law, county civil courts, and other statutory courts exercising civil jurisdiction corresponding to the constitutional jurisdiction of the county court in civil cases shall have jurisdiction concurrent with that of the district court when the matter in controversy shall exceed in value Five Hundred Dollars ($500) and shall not exceed Five Thousand Dollars ($5,000) exclusive of interest."

The answer to your third question is in the negative. The County Court of Bell County is a constitutional court and does not come under the provisions of Article 1970a. Its jurisdiction is governed by Article V, Section 16 of the Constitution, and in no event has the Court jurisdiction in a civil case wherein the amount in controversy exceeds $1,000, exclusive of interest.

S U M M A R Y

Article 1970a, Vernon's Civil Statutes, enacted by the 62nd Legislature, Regular Session,

1971, is constitutional.

Under Article 1970a the County Court at Law of Bell County exercises concurrent jurisdiction with the district courts in civil cases, where the subject matter in controversy is within the constitutional jurisdiction of the county court, and where the amount in controversy exceeds in value $500 but does not exceed $5,000, exclusive of interest.

Article 1970a does not apply to the County Court of Bell County, and its jurisdiction is fixed by Article V, Section 16 of the Constitution, not to extend to a civil case in which the amount in controversy exceeds $1,000, exclusive of interest.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James S. Swearingen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Melvin E. Corley
Kenneth Nordquist
Roger Tyler
Robert Lemens

SAMUEL D. MCDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant